

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-14-2007

# Alymamy v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1440

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Alymamy v. Atty Gen USA" (2007). *2007 Decisions.* Paper 595.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/595

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1440

———

SANOGO ALYMAMY,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

———

On Petition for Review of an order
of the Board of Immigration Appeals
(No. A96-429-678)
Immigration Judge: Mirlande Tadal

———

Submitted pursuant to Third Circuit LAR 34.1(a)
April 24, 2007

Before: SCIRICA, Chief Judge, FUENTES and ALARCÓN,[*] Circuit Judges.

(Filed: August 14, 2007)

_____

[*] The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

OPINION OF THE COURT

FUENTES, Circuit Judge.

Petitioner Sanogo Alymamy challenges the denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). For the reasons stated below, we will deny his petition.

**I.**

Sanogo Alymamy is a 32-year-old Dioula Muslim citizen of the Ivory Coast. He entered the United States on November 1, 2000, with a B-1 business visa that permitted him to remain in the country for three months. He remained beyond this time, and in August 2003 was personally served with a Notice to Appear by the Bureau of Immigration and Customs Enforcement.

In October 2003, Alymamy applied for asylum, withholding of removal, and relief under the CAT. In his application and at his hearing before an Immigration Judge ("IJ"), he testified to several facts concerning his life in the Ivory Coast. He stated that he and his family are members of the Rally of the Republicans ("RDR"), an opposition political party led by a former prime minister. In October 2000, he attended an RDR political rally; members of the army or police shot into crowd, striking his cousin on the shoulder with a bullet. Alymamy himself was arrested at the rally and subsequently beaten by police who pressed a hot iron to his shoulder. After being detained for the night,

Alymamy, in fear of further mistreatment, escaped from police custody along with other prisoners. Alymamy also testified that Dioula people are generally persecuted in the Ivory Coast, and that several members of his family fled from their homes to another region in fear of persecution. In addition, Alymamy submitted (1) an affidavit from his uncle, a university professor who fled the country in fear of political persecution; (2) reports and articles discussing political and ethnic violence in the Ivory Coast; and (3) an affidavit from a physician who stated that Alymamy had scars consistent with the injuries he described in his testimony.

At his hearing, the IJ determined that there were no extraordinary or changed circumstances justifying his failure to apply for asylum within one year of his arrival to the United States. The IJ also concluded that Alymamy did not qualify for withholding of removal or relief under the CAT. The IJ noted that Alymamy did not mention his October 2000 arrest in his application and determined that he had failed to provide a persuasive explanation for this omission. The IJ found that Alymamy had not suffered past persecution or demonstrated a clear probability of persecution or torture if returned to the Ivory Coast. On January 11, 2006, the Board of Immigration Appeals ("BIA") affirmed the IJ's decision without an opinion. This petition for review followed. Since the BIA summarily adopted the decision of the IJ, we review the IJ's decision. Sukwanputra v. Gonzales, 434 F.3d 627, 631 (3d Cir. 2006).

## II.

Because Alymamy failed to file his application within the one year filing requirement, we perceive no basis for disturbing the IJ's conclusions that Alymamy could not pursue his asylum claim. See 8 U.S.C. § 1158(a)(2)(D). Moreover, we do not have jurisdiction to review the IJ's determination that Alymamy failed to establish either changed or extraordinary circumstances qualifying him for an exception to the one-year period. Id. at 635.

As to Alymamy's two remaining claims, withholding of removal and relief under the CAT, we conclude that substantial evidence supports the IJ's decision to deny both claims.[1] "If a reasonable fact finder could make a particular finding on the administrative record, then the finding is supported by substantial evidence." Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003). The IJ's findings "must be upheld unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

To qualify for withholding of removal, Alymamy must show a "clear probability" that he would be persecuted if returned to the Ivory Coast; in other words, persecution

---

[1] It is questionable whether Alymamy properly presented these claims to the BIA. Although we have stated that petitioners need make only "some effort" to place the BIA on notice of an issue, Wu v. Ashcroft, 393 F.3d 418, 422 (3d Cir. 2005), Alymamy's Notice of Appeal does not mention his withholding of removal or CAT claim and his brief to the BIA focuses exclusively on his asylum claim while making only one passing reference to withholding of removal. J.A. 9 ("[Alymamy] has met his burden for a grant of asylum and withholding of removal by establishing both past persecution and a well-founded fear of future persecution."). We will not address the exhaustion issue inasmuch as it is clear that Alymamy's claims fail on the merits.

must be more likely than not.  <u>See</u> <u>INS v. Stevic</u> 467 U.S. 407, 414 (1984).  The IJ reasonably doubted Alymamy's description of his arrest and detention, noting that it was not mentioned in either his application or his uncle's affidavit.  The IJ's conclusion that he had not suffered past persecution is thus supported by substantial evidence.  Further, though Alymamy did provide general information about violent conditions in the Ivory Coast, he failed to present evidence that he would be specifically targeted if returned there.  Finally, he also failed to demonstrate that it is more likely than not that he will be tortured if he returns to the Ivory Coast; substantial evidence, therefore, supports the IJ's denial of his CAT claim as well.

## III.

Accordingly, we will deny the petition for review.